UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SIMON PETER DANIELSON

CASE NO. 8:16-cr- ۱۵۵ ۱۹۲۹
46 U.S.C. §§ 70503(a), 70506(a)
21 U.S.C. § 881-Forfeiture
28 U.S.C. § 2461(c)-Forfeiture
46 U.S.C. § 70507-Forfeiture

## INDICTMENT

The Grand Jury Charges:

## COUNT ONE

Beginning on an unknown date and continuing through on or about April 2, 2016, while aboard a vessel subject to the jurisdiction of the United States, the defendant,

SIMON PETER DANIELSON,

who will be first brought into the United States at a point in the Middle District of Florida, did knowingly and intentionally possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 46, United States Code, Sections 70503(a) and 70506(a), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## FORFEITURES

1.      The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 21, United States Code, Section 881, Title 46, United States Code, Section 70507, and Title 28, United States Code, Section 2461(c).

2.      Upon his conviction of the violation alleged in Count One of this Indictment, in violation of Title 46, United States Code, Section 70503, the defendant,

SIMON PETER DANIELSON,

shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507, Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c), any and all property described in Title 21, United States Code, Section 881(a), including, but not limited to:

a.      Property furnished or intended to be furnished in exchange for a controlled substance;

b.      Property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

c.      All moneys and conveyances used or intended to be used to commit, or to facilitate the commission of the alleged offense.

3.      If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with a third party;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or,

        e.      has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

A. LEE BENTLEY, III
United States Attorney

By:

JOSEPH K. RUDDY
Assistant United States Attorney
Chief, Narcotics Section

By:

RACHELLE DESVAUX BEDKE
Assistant United States Attorney
Chief, Criminal Division (South)

3

FORM OBD-34
APR 1991

No.

FILED

2016 APR -6 PM 1:29

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

Simon Peter Danielson

**INDICTMENT**

Violations:

Title 46, United States Code, Sections 70503(a) and 70506(a)
Title 21, United States Code, Section 881 (Forfeiture)
Title 28, United States Code, Section 2461(c) (Forfeiture)
Title 46, United States Code, Section 70507 (Forfeiture)

A true bill.

_____
Foreperson

Filed in open court this 6th day

of April 2016.

_____
Clerk

Bail $_____

L:\_Cases\Criminal Cases\D\Danielson, Simon_pend_JKR\I_Indictment back.docx